# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: April 1, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RONDI JOHNSON, | \* | |
| administrator of the ESTATE OF | \* | |
| JAMES CHRISTIAN JOHNSON, | \* | |
| | \* | |
| Petitioner, | \* | Special Master Young |
| | \* | |
| v. | \* | No. 18-1749V |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, for Respondent.

### <u>DISMISSAL DECISION</u>[1]

On November 9, 2018, Rondi Johnson ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] on behalf of her deceased brother, James Christian Johnson. Pet., ECF No. 1; Am. Pet., ECF No. 35. Petitioner alleged that the administration of an influenza ("flu") vaccine Mr. Johnson received on November 12, 2015, caused him to suffer from "axonal sensory motor neuropathy [("AMSAN")] . . . and subsequent death," a Table injury listed under 42 C.F.R. § 100.3(a). Am. Pet. at 1.

On March 31, 2026, Petitioner filed an unopposed motion for a decision dismissing her petition. ECF No. 64. In her motion, Petitioner indicated that pursuant to the factual finding I issued in this case on January 7, 2026, "to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program." *Id.* at 1. Petitioner stated that

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

she understood a dismissal of her claim would result in a judgment against her, and that she intended to protect her rights to file a future civil action and thus intends to elect to "reject the Vaccine Program judgment against her and elect to file a civil action" pursuant to 42 U.S.C. § 300aa-21(a)(2).

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1).  Petitioner alleged a Table injury, however, the record does not contain persuasive evidence that Mr. Johnson suffered from AMSAN. The record also does not contain persuasive evidence that Mr. Johnson's alleged injury was caused by the vaccines alleged.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.